IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.

JOSE HALUM,

    Plaintiff,

v.

MCCORVEY SHEET METAL WORKS, L.P.,
a Foreign Limited Partnership, and
AMERITECH STAFFING, INC., a Foreign
Profit Corporation,

    Defendants.
_____/

## COMPLAINT

    Plaintiff, JOSE HALUM (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, MCCORVEY SHEET METAL WORKS, L.P. ("MCCORVEY") and AMERITECH STAFFING, INC., ("AMERITECH") (collectively "Defendants"), and in support alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for declaratory and injunctive relief and damages exceeding $30,000.00 excluding attorneys' fees and costs, pursuant to the Florida Civil Rights Act of 1992 Chapter 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment and retaliation against Plaintiff.

2. Plaintiff was at all times relevant to this action a resident of Miami Dade County, Florida.

3. Defendants operate nationally and are engaged in substantial business throughout this state and within Broward County.

**EXHIBIT A**

4. Venue is proper in Broward County, Florida because Plaintiff was employed by Defendants in Broward County Florida, and Defendants at all material times conducted, and continue to conduct, business in Broward County, Florida.

5. The acts or omissions that gave rise to Plaintiff's claims occurred within Broward County, Florida and Defendants are subject to personal jurisdiction there.

6. Plaintiff was an employee covered under the FCRA in that he was an individual who suffered from a disability, and was terminated from his employment based on his disability and Defendant's failure to perform an interactive process to determine if Plaintiff's disability or perceived disability could be accommodated.

7. Defendant, MCCORVEY SHEET METAL WORKS, L.P., has at all times material, employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA.

8. Defendant, AMERITECH STAFFING INC., has at all times material, employed fifteen (15) or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding year in accordance with the FCRA.

9. On or about October 22nd, 2018, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, and the charge was dually filed with the Florida Commission on Human Relations and the Miami-Dade Commission on Human Rights (Charge No. 510-2019-00463.)

10. The Equal Employment Opportunity Commission did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

12. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff was employed by Defendant from on or about April 17th, 2018, through on or about August 20th, 2018, as a sheet metal and dock installer.

14. Before working for Defendants, Plaintiff suffered a concussion at his previous job when a pipe fell on his head while working on a construction site. Due to this concussion, Plaintiff was diagnosed with Post-Concussion Syndrome.

15. Plaintiff's injury caused him persistent headaches, dizziness, and weakness, long after the actual concussion had occurred, and well into his employment with Defendants.

16. At all material times hereto, Plaintiff was contracted to work on a construction project by Defendant, MCCORVEY, which was located at the Seminole Hard Rock Hotel and Casino in Hollywood, Florida.

17. Plaintiff's job duties included fabricating, assembling, installing, and repairing sheet metal products and equipment, such as ducts, control boxes, drainpipes, and furnace castings.

18. When Plaintiff first began working for Defendants, he notified his supervisor at the time, Martin (LNU), ("Martin") about his head injury and that he was in the process of obtaining workers' compensation from the injury which he had suffered at his previous job.

19. Plaintiff also notified Martin that he was taking medications that were prescribed to him by his doctor to alleviate the symptoms of his Post-Concussion Syndrome.

20. On several occasions throughout his employment, Plaintiff had to miss work to attend to doctor's appointments for his head injury. Each time Plaintiff had an appointment, he requested the time off, and it was approved by his supervisor.

21. Plaintiff also provided proof of his doctor visits to his supervisor each time he had to miss work.

22. After working for about four (4) months as a temporary employee, Defendant, MCCORVEY, told Plaintiff that the company was going to be hiring him as a full- time employee.

23. In order to receive the full-time position, Plaintiff's supervisor told him that he needed to complete a drug test.

24. Plaintiff agreed to take the drug test, but before doing so, he reminded his supervisor that he was currently taking prescription medication due to his head injury. .

25. On or about August 8th, 2018, Plaintiff completed his drug test and told the physician at the lab who administered the test that he was currently taking prescription medication and that due to this, the test might come back positive.

26. Plaintiff's results did in fact come back positive for the medications that he was currently taking.

27. On or about August 27th, 2018, Plaintiff provided proof of the medication that he was taking to the lab that administered the drug test and the drug test result was overturned.

28. However, a week before the results were overturned by the lab, Plaintiff was terminated for failing the drug test, despite Defendants having been on notice of the medications that Plaintiff was taking before he had taken the drug test.

29. On or about September 6th, 2018, Plaintiff reached out to his supervisor, Martin (LNU), and gave him the name and number of the lab and advised him that the drug test results had been overturned on August 27th, 2018.

30. Plaintiff also advised Martin that the company was supposed to call the lab and verify that the results had been overturned.

31. Defendants at no point conducted any investigation into the overturned results which proved that Plaintiff was prescribed the medication that he tested positive for.

32. Additionally, and more importantly, Defendants failed to perform an interactive process to determine if Plaintiff's disability or perceived disability could be accommodated.

33. Any reason(s) given by Defendants, if any, for the adverse employment action, is mere pretext for unlawful disability-based or perceived disability-based, discrimination and retaliation.

34. Defendants at all material times were on notice of Plaintiff's disability or perceived disability and that Plaintiff was taking prescription medication at the time he was drug tested.

35. Throughout Plaintiff's employment with Defendants, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times did perform his job at satisfactory or above satisfactory levels.

## COUNT I
*Disability Discrimination Under the FCRA against McCorvey Sheet Metal Works, L.P.*

36. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

37. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer:
    (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

38. The FCRA accordingly prohibits employers from taking adverse employment actions against an employee as a result of his handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

39. The adverse and disparate treatment to which Plaintiff was subjected to, includes but is not limited to, Plaintiff's termination and Defendant's failure to perform an interactive process to determine if Plaintiff's disability or perceived disability could be accommodated.

40. Plaintiff's disability substantially limited him in one or more major life activities, and Defendant was at all material times on notice of Plaintiff's record of having such disability.

41. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

42. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and Defendant's failure to perform an interactive process to determine if Plaintiff's disability or perceived disability could be accommodated, all set forth above, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

43. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

44. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with reckless disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

45. Defendant's alleged reason(s) for terminating Plaintiff (if any) are pretextual as described above.

46. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have, had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Disability Discrimination Under the FCRA against Ameritech Staffing, Inc.*

47. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

48. Section 760.10 of the FCRA states in relevant part:

   (2) it is unlawful employment practice for an employer:
   (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

49. The FCRA accordingly prohibits employers from taking adverse employment actions against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

50. The adverse and disparate treatment to which Plaintiff was subjected to by Defendant includes but is not limited to, Plaintiff's termination, and Defendant's failure to perform an interactive process to determine if Plaintiff's disability or perceived disability could be accommodated.

51. Plaintiff's disability substantially limited him in one or more major life activities, and Defendant was at all material times on notice of Plaintiff's record of having such disability.

52. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

53. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

54. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

55. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with reckless disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

56. Defendant's alleged reason(s) for terminating Plaintiff (if any) are pretextual as described above.

57. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Violation of the FCRA (Retaliation) against McCorvey Sheet Metal Works, L.P.*

58. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

59. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

60. On or about September 6th, 2018, Plaintiff complained to his supervisor that his test results had been overturned by the lab and that Defendant had to call and verify that the results had been overturned.

61. This complaint was protected activity under the FCRA.

62. As a direct result of Plaintiff's complaint, Defendant terminated Plaintiff without valid cause.

63. Plaintiff's complaints to his supervisor about the test being overturned and Defendant's failure to provide an interactive process to determine if Plaintiff's disability or perceived disability could be accommodated were the direct and proximate cause of Plaintiff's unlawful termination.

64. Defendant knew of Plaintiff's disability and his prescription medications because Plaintiff provided proof of his medications to Human Resources.

65. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

66. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with reckless disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

67. Defendant's alleged reason(s) for terminating Plaintiff (if any) are pretextual as described above.

68. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Violation of the FCRA (Retaliation) against Ameritech Staffing, Inc.*

69. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

70. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

71. On or about September 6th, 2018, Plaintiff complained to his supervisor that his test results had been overturned by the lab and that Defendant had to call and verify that the results had been overturned.

72. This complaint was protected activity under the FCRA.

73. As a direct result of Plaintiff's complaint, Defendant terminated Plaintiff without valid cause.

74. Plaintiff's complaints to his supervisor about the test being overturned and Defendant's failure to provide an interactive process to determine if Plaintiff's disability or perceived disability could be accommodated were the direct and proximate cause of Plaintiff's unlawful termination.

75. Defendant knew of Plaintiff's disability and his prescription medications because Plaintiff provided proof of his medications to Human Resources.

76. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

77. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

78. Defendant's alleged reason(s) for terminating Plaintiff (if any) are pretextual as described above.

79. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 22nd, 2020

Respectfully submitted,

/s/ *Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Jose Halum</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>McCorvey Sheet Metal Works, L.P., AmeriTech Staffing, Inc.</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001 - $50,000
☐ $50,001 - $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.   TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/22/2020 03:30:02 PM.****

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions
- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☒ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

IV.  **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

V.  **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  4

VI.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

VII.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.
  No

VIII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd          Fla. Bar # 188239
          Attorney or party                    (Bar # if attorney)

Peter M Hoogerwoerd              10/22/2020
(type or print name)             Date

- 3 -

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

Case No: Cace 20-17626

Jose Halum
Plaintiff

Judge Division: 02

vs

Mccorvey Sheet Metal Works, LP;
Ameritech Staffing Inc.
Defendant

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-4-Civ/UFC/CO:

"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: None



Brenda D. Forman
Circuit and County Courts

KETORRA BURCH
By: _____

Deputy Clerk

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOSE HALUM,

    Plaintiff,

vs.                                Case No. CACE-20-017626

AMERITECH STAFFING, INC.,
a Foreign Profit Corporation,

    Defendants.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** AMERITECH STAFFING, INC. through its Registered Agent:

    H JEROME URBANOSKY
    14525 URBANOSKY LN
    PLANTERSVILLE, TX 77363

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Brenda D. Forman                      JAN 05 2021
_____        _____
CLERK                                                      DATE

_____
(BY) DEPUTY CLERK

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 01/04/2021 05:24:20 PM.****

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOSE HALUM,

    Plaintiff,

vs.    Case No. CACE-20-017626

MCCORVEY SHEET METAL WORKS, L.P.,
a Foreign Limited Partnership,

    Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** MCCORVEY SHEET METAL WORKS, L.P. through its Registered Agent:

    NORTHWEST REGISTERED AGENT, LLC.
    7901 4TH STREET N
    SUITE 300
    ST. PETERSBURG, FL 33702

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Brenda D. Forman    JAN 05 2021
_____    _____
CLERK    DATE

(BY) DEPUTY CLERK

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 01/04/2021 05:24:20 PM.****